UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH L. SINGLETON,<br>individually and doing business as,<br>KENNETH L. SINGLETON,<br>ATTORNEY,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:26-cv-141 |

## REPORT AND RECOMMENDATIONS

Before the Court is Plaintiff's Motion for Clerk's Entry of Default Judgment ("Instant Motion"), filed on March 24, 2026. ECF No. 9. This matter was referred to the undersigned United States Magistrate Judge ("undersigned") on April 23, 2026, for a report and recommendation pursuant to a referral order from the United States District Judge. ECF No. 11. Prior to the referral order, the Clerk of the Court entered default as to Defendant Kenneth L. Singleton ("Defendant") on March 13, 2026. ECF No. 8. Defendant has not responded to the motion and the time to do so has expired. For the following reasons, the undersigned **RECOMMENDS** that the Instant Motion, ECF No. 9, be **GRANTED**, and that default judgment be **ENTERED** against Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

These facts are as alleged in Plaintiff's Complaint because Defendant has failed to respond and has not made an appearance in this matter. Prior to this action being filed, Defendant had two

bankruptcy proceedings.  On January 14, 2015, Defendant filed a Chapter 11 bankruptcy petition. ECF No. 1 at 2.  Defendant was dismissed from that bankruptcy on October 15, 2015. *Id.*  On December 10, 2015, Defendant filed a second Chapter 11 bankruptcy petition. *Id.*  Defendant was dismissed from the second bankruptcy case on December 29, 2015. *Id.*

On February 9, 2026, Plaintiff United States of America ("the United States") filed its Complaint against Defendant.  ECF No. 1.  The United States brings two counts to reduce to judgment the federal income tax assessments and federal employment tax assessments made against Defendant. *Id.* at 2–4.  Regarding Count I, a delegate of the Secretary of the Treasury made assessments of unpaid federal income taxes against Defendant for the 2013–2015 and 2018–2022 tax years. *Id.* at 2.  These tax assessments are summarized in Table A below.

Table A: Unpaid Federal Income Tax Assessments Against Defendant

| Tax Period Ending | Date of Assessment | Amount of Tax Assessment | Outstanding Balance, as of April 6, 2026 |
|---|---|---|---|
| December 31, 2013 | November 17, 2014 | $30,071.00 | $58,754.81 |
| December 31, 2014 | June 20, 2016 | $23,837.00 | $61,131.07 |
| December 31, 2015 | July 4, 2016 | $27,104.00 | $61,587.45 |
| December 31, 2018 | January 13, 2020 | $21,758.00 | $46,929.41 |
| December 31, 2019 | August 30, 2021 | $20,828.00 | $36,543.27 |
| December 31, 2020 | March 7, 2022 | $38,206.00 | $62,375.61 |
| December 31, 2021 | June 6, 2022 | $47,020.93 | $71,023.72 |
| December 31, 2022 | June 5, 2023 | $45,559.00 | $70,861.57 |
| Total Outstanding Balance | | | $469,206.91 |

ECF No. 10, attach. 1 at 2. The federal income tax liabilities depicted in Table A include accrued statutory interest. *Id.* Despite proper and timely notice and demand for payment, Defendant has failed to pay these tax assessments. ECF No. 1 at 3. Additionally, the collection statutory expiration deadline ("CSED") is ordinarily ten years, but the CSEDs for the periods listed in Table A have been extended pursuant to 26 U.S.C. § 6503(h)(2) due to Defendant's two bankruptcy filings. *Id.* Thus, as of April 6, 2026, Defendant owed the United States $469,206.91 in unpaid federal income tax assessments and associated interest, plus statutory interest accruing after that date. ECF No. 10, attach. 1 at 2.

Regarding Count II, a delegate of the Secretary of the Treasury made assessments of unpaid federal employment taxes against Defendant as sole proprietor of "Kenneth Singleton, Attorney" for the 2014–2021 tax years. *Id.* These tax assessments are summarized in Table B below.

Table B: Unpaid Federal Employment Tax Assessments Against Defendant

| Tax Period Ending | Date of Assessment | Amount of Tax Assessment | Outstanding Balance, as of March 30, 2026 |
|---|---|---|---|
| June 30, 2014 | September 29, 2014 | $2,691.85 | $2,728.03 |
| September 30, 2014 | December 15, 2014 | $2,307.30 | $1,672.35 |
| December 31, 2014 | March 23, 2015 | $2,691.85 | $4,363.48 |
| March 31, 2015 | June 29, 2015 | $2,300.34 | $4,966.16 |
| June 30, 2015 | September 14, 2015 | $2,683.73 | $5,726.99 |
| September 30, 2015 | December 14, 2015 | $2,300.34 | $1,637.60 |
| December 31, 2015 | April 4, 2016 | $2,683.73 | $1,608.51 |

| March 31, 2016 | July 11, 2016 | $2,298.06 | $4,778.65 |
|---|---|---|---|
| June 30, 2016 | October 3, 2016 | $2,802.27 | $5,770.55 |
| September 30, 2016 | January 9, 2017 | $2,608.35 | $2,858.65 |
| December 31, 2016 | April 3, 2017 | $2,134.44 | $4,238.76 |
| March 31, 2017 | July 3, 2017 | $2,848.02 | $5,598.73 |
| June 30, 2017 | October 16, 2017 | $2,392.68 | $3,069.32 |
| September 30, 2017 | January 8, 2018 | $2,799.54 | $5,175.56 |
| December 31, 2017 | April 9, 2018 | $2,441.16 | $4,550.71 |
| March 31, 2018 | July 9, 2018 | $,2596.76 | $1,545.35 |
| June 30, 2018 | September 24, 2018 | $2,244.48 | $1,341.70 |
| December 31, 2018 | March 25, 2019 | $2,237.88 | $3,253.60 |
| March 31, 2019 | June 17, 2019 | $2,879.49 | $5,114.44 |
| June 30, 2019 | October 7, 2019 | $2,611.14 | $5,107.21 |
| September 30, 2019 | January 13, 2020 | $2,558.55 | $4,919.46 |
| December 31, 2019 | March 30, 2020 | $2,329.74 | $3,898.76 |
| March 31, 2020 | October 19, 2020 | $2.965.86 | $4,933.95 |
| December 31, 2021 | April 4, 2022 | $3,039.26 | %5,409.46 |
| December 31, 2019 | April 20, 2020 | $42.00 | $70.38 |
| **Total Outstanding Balance** | | | **$94,338.36** |

ECF No. 10, attach. 1 at 2–3. The federal employment tax liabilities depicted in Table B include accrued statutory interest. *Id.* Despite proper and timely notice and demand for payment, Defendant has also failed to pay these tax assessments. ECF No. 1 at 4. Additionally, though the normal CSED is ten years, the CSEDs for the periods listed in Table B have been extended

pursuant to 26 U.S.C. § 6503(h)(2) due to Defendant's two bankruptcy filings. *Id.* Thus, as of March 30, 2026, Defendant owed the United States $94,338.36 in unpaid federal employment tax assessments and associated interest, plus statutory interest accruing after that date. ECF No. 10, attach. 1 at 2–3.

On February 10, 2026, a summons and a copy of the Complaint were issued to Defendant at 156 Newtown Road, A7, Virginia Beach, Virginia 23462. ECF No. 3. The Affidavit of Service was returned on February 26, 2026, showing that Defendant was personally served at the Newtown Road address on February 17, 2026. ECF No. 5.

On March 12, 2026, the United States requested the Clerk of the Court enter default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a) for failing to answer or otherwise respond to the Complaint. ECF No. 7. As part of its request, the United States filed the Declaration of Adam S. Domitz, Trial Attorney with the United States Department of Justice, Civil Division, which states that Defendant has been properly served, is not an infant or incompetent person, and is not serving in the military. ECF No. 7, attach. 2. The United States also filed a Status Report Pursuant to the Servicemembers Civil Relief Act ("the Act"), which also reflects that Defendant is not in military service within the purview of the Act. ECF No. 7, attach. 3. On March 13, 2026, the Clerk entered default. ECF No. 8,

On March 24, 2026, the United States filed its Motion for Default Judgment and memorandum in support, pursuant to Federal Rule of Civil Procedure 55(b)(1). ECF Nos. 9–10. The Motion requests default judgment against Defendant in the amounts of $469,206.91, plus statutory interest, for federal income tax liabilities, and $94,338.36, plus statutory interest, for federal employment tax liabilities. ECF No. 9 at 1–2. The United States also filed the Declaration of Amy L. Ham ("Ham Declaration"), Advisor with the Internal Revenue Service ("IRS"), and

IRS Account Transcripts reflecting the amount that Defendant owes in federal income tax liabilities—including interest— as of April 6, 2026, and the amount owed in federal employment tax liabilities—including interest—as of March 30, 2026.  ECF No. 10, attachs. 1–2.

Defendant has not responded to Plaintiff's motion or otherwise filed a pleading in this case, and the time to do so has passed.  Accordingly, the Instant Motion is ripe for recommended disposition.

## II.  <u>STANDARD OF REVIEW</u>

Default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The party seeking entry of default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).  Thus, default judgment is only available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (internal quotation marks and citation omitted).  To present well-pleaded allegations of fact, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Accordingly, in the context of adjudicating default judgment, factual allegations in the complaint are deemed admitted and the "appropriate inquiry is whether or not the face of the

pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628, 628 (4th Cir. 1999) (unpublished table decision) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Although default judgment conclusively establishes the defaulting party's admission to the allegations contained in the complaint, default does not establish liability for the amount claimed by the plaintiff. *Ryan*, 253 F.3d at 780. Rather, the court must consider whether the complaint establishes the defendant's liability and then determine the amount of damages. *See id.* ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.") (citation omitted). Thus, it is incumbent on the moving party "to provide the court with sufficient information to ascertain monetary damages with reasonable certainty." *Oppenheimer v. Griffin*, No. 1:18-cv-272, 2019 WL 7373784, at \*5 (W.D.N.C. Dec. 31, 2019) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d 32, 36 (D.D.C. 2011)). Notably, the Court "has considerable latitude in determining the *amount* of damages." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993) (citation omitted).

## III. ANALYSIS

Prior to entering default judgment, "the [c]ourt must ensure that: (1) it possesses personal jurisdiction over the defaulting party; (2) it possesses subject-matter jurisdiction over each of the claims; (3) the action is in the proper venue; and, (4) the defaulting party received proper service of process." *Victoria Select Ins. Co. v. R & G Trans.*, No. 3:16-cv-624, 2017 WL 5158684, at \*3 (E.D. Va. Sept. 7, 2017).

### A. Jurisdiction & Service of Process

Here, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. § 7402. The United States brought the instant action to collect federal income and employment tax liabilities that Defendant owes pursuant to federal internal revenue laws. ECF No. 1 at 2. Accordingly, the Court has original subject matter jurisdiction under 28 U.S.C. § 1340 because this is a "civil action arising under any Act of Congress providing for internal revenue," under 28 U.S.C. § 1345 because this action was "commenced by the United States," and under 26 U.S.C. § 7402 because the action is "necessary and appropriate for the enforcement of the internal revenue laws."

The Court also has personal jurisdiction over Defendant. Courts must have personal jurisdiction over the defaulting party. *Foster v. Arletty 3 S.A.R.L.*, 278 F.3d 409, 414 (4th Cir. 2002). Personal jurisdiction may be established over defendants who have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945), and who are subject to general jurisdiction in the courts of the forum state. Fed. R. Civ. P. 4(k)(1)(a). Here, Defendant is a resident of this judicial district, and his tax liabilities are alleged to have accrued within this district. ECF No. 1 at 2. Accordingly, Defendant has sufficient minimum contacts with Virginia such that exercising jurisdiction over him in the instant action would not offend traditional notions of fair play and substantial justice.

Personal jurisdiction also requires proper service of process on the defaulting party. *See Mid-Century Ins. Co. v. Thompson*, No. 2:18-cv-459, 2019 WL 3769952, at *3 (E.D. Va. Aug. 9, 2019) (citing *Armco v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).

Otherwise, without proper service of process, the Court lacks personal jurisdiction to enter a default judgment against that defaulting party. *See Armco*, 733 F.2d at 1089 ("Since there was no valid service of process, the district court was without jurisdiction of the defendant, and the default judgment was void.").

Here, Defendant was properly served. An individual may be served within a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). On February 17, 2026, Defendant was personally served with copies of the summons and Complaint. ECF No. 5. The Affidavit of Service indicates that, after two unsuccessful attempts, the process server successfully served Defendant at his principal place of business[1] in Virginia Beach, Virginia. *Id.* Defendant was noted to have "accepted paperwork personally." *Id.* Thus, Defendant was properly served under Rule 4(e)(2)(A).

Accordingly, the Court properly has personal jurisdiction over Defendant for purposes of entering default judgment.

**B. Venue**

Venue must also be appropriate in the Eastern District of Virginia. *Joe Hand Promotions, Inc. v. Citibars, Inc.*, No. 2:11cv58, 2012 WL 503212, at *1 (E.D. Va. Feb. 8, 2012). Generally, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] The Complaint alleges that Defendant "has a principal place of business in Virigina [sic] Beach, Virginia." ECF No. 1 at 1. The Affidavit of Service notes that upon the first unsuccessful attempt at service at the Newtown Road address in Virginia Beach, "Attorney's office was observed to be closed." ECF No. 5. Then, upon the second unsuccessful attempt at service, Defendant's legal assistant called the process server and informed them that she was "out to lunch" and that "the office is typically closed from 12:00 PM to 1:30 PM for lunch" and will reopen on a later date. *Id.*

9

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Additionally, "[a]ny civil action for the collection of internal revenue taxes may be brought . . . in the district of the taxpayer's residence." 28 U.S.C. § 1396.

Here, venue is proper in the Eastern District of Virginia. The Complaint alleges that Defendant resides within this judicial district, making venue proper under § 1391(b)(1). *See* ECF No. 1 at 2. Moreover, the instant action was brought to collect internal revenue taxes that are owed by Defendant and that have accrued within this judicial district. *Id.* Thus, the Eastern District of Virginia is a proper venue for the instant action.

**C. Default Judgment**

When a defendant defaults, the defendant is deemed to admit the plaintiff's well-pleaded factual allegations. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Accordingly, in evaluating a motion for default judgment, the Court must determine whether the Complaint contains sufficient facts that, accepted as true, state a plausible claim for relief and whether the face of the pleadings supports the requested judgment and asserted causes of action asserted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 187 F.3d 628, 628 (4th Cir. 1999).

<u>1. Reduction to Judgment Federal Income Tax Assessments Against Defendant (Count I)</u>

In Count I of the Complaint, the United States seeks to reduce to judgment and collect Defendant's unpaid federal income tax liabilities in the amount of $469,206.91, including accrued

statutory interest through April 6, 2026, plus additional statutory interest accruing thereafter. ECF No. 1 at 2–3; ECF No. 10 at 2.

The Internal Revenue Code authorizes the Secretary of the Treasury to make "assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law." 26 U.S.C. § 6201(a). Such assessments are entitled to a legal presumption of correctness and establish a prima facie case of tax liability. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court."); *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) ("The Government established a prima facie case in support of the tax liability charged in the complaints when it introduced into evidence the certified copies of the certificates of assessment."). The taxpayer bears the burden of rebutting the presumption with sufficient evidence. *Cebollero v. Comm'r*, 967 F.2d 986, 990 (4th Cir. 1992) ("If the taxpayer proves that the determination is arbitrary, the presumption of correctness vanishes.").

Here, the Complaint sufficiently alleges that a delegate of the Secretary of the Treasury made federal income tax assessments against Defendant for the 2013–2015 and 2018–2022 tax years. ECF No. 1 at 2–3. These allegations are supported by the Ham Declaration and accompanying IRS Account Transcripts, which confirm that Defendant owed $469,206.91 in unpaid federal income tax liabilities, including accrued interest, as of April 6, 2026. ECF No. 10, attachs. 1–2. The Complaint further alleges that Defendant received proper notice and demand for payment but failed to pay the assessed liabilities. ECF No. 1 at 3. The Complaint also alleges that

11

the applicable CSEDs were extended because of Defendant's two Chapter 11 bankruptcy proceedings in 2015. *Id.* Because Defendant has not answered the Complaint or otherwise responded to the United States' filings, he has failed to rebut the presumption of correctness afforded to the IRS assessments here.

Accordingly, the Court finds that the Complaint pleads sufficient facts to state a claim as to Count I, and that Defendant owes the United States $469,206.91 in unpaid federal income tax liabilities, plus statutory interest accruing after April 6, 2026.

### 2. Reduction to Judgment Federal Employment Tax Assessments Against Defendant (Count II)

In Count II of the Complaint, the United States seeks to reduce to judgment and collect Defendant's unpaid federal employment tax liabilities—assessed against Defendant as sole proprietor of "Kenneth Singleton, Attorney"—in the amount of $94,338.36, including accrued statutory interest through March 30, 2026, plus additional statutory interest accruing thereafter. ECF No. 1 at 3–4; ECF No. 10 at 2.

As with Count I, IRS tax assessments are entitled to a presumption of correctness and establish a prima facie case of liability. *See Fior D'Italia, Inc.*, 536 U.S. at 242 (2002); *Pomponio*, 635 F.2d at 296. The burden therefore shifts to the taxpayer to rebut the assessments with sufficient evidence. *See Cebollero*, 967 F.2d at 990.

Here, the Complaint sufficiently alleges that a delegate of the Secretary of the Treasury made federal employment tax assessments against Defendant for the 2014–2021 tax years. ECF No. 1 at 3–4. As with Count I, these allegations are supported by the Ham Declaration and the IRS Account Transcripts, which confirm that Defendant owed $94,338.36 in unpaid federal employment tax liabilities, including accrued interest, as of March 30, 2026. ECF No. 10, attachs. 1–2. The Complaint further alleges that Defendant received proper notice and demand for payment

12

but failed to pay the assessed liabilities. ECF No. 1 at 4. Additionally, the Complaint alleges that the applicable CSEDs were extended due to Defendant's two bankruptcy proceedings. *Id.* Because Defendant has not answered the Complaint or otherwise responded to the United States' filings, he has failed to rebut the presumption of correctness afforded to the IRS assessments here.

Accordingly, the Court finds that the Complaint pleads sufficient facts to state a claim as to Count II, and that Defendant owes the United States $94,338.36 in unpaid federal employment tax liabilities, plus statutory interest accruing after March 30, 2026.

### D. Requested Relief

As to Defendant's unpaid federal income tax liabilities, the United States seeks judgment against Defendant in the amount of $469,206.91—including statutory interest accrued through April 6, 2026—plus statutory interest accruing thereafter. ECF No. 10 at 1. As to Defendant's unpaid federal employment tax liabilities, the United States seeks judgment against Defendant in the amount of $94,338.36—including statutory interest accrued through March 30, 2026—plus statutory interest accruing thereafter. *Id.*

As previously discussed, the United States has supported its requested relief with the Ham Declaration and accompanying IRS Account Transcripts. ECF No. 10, attachs. 1–2. The Ham Declaration confirms that Defendant owed $469,206.91 in unpaid federal income tax liabilities as of April 6, 2026, and $94,338.36 in unpaid federal employment tax liabilities as of March 30, 2026. ECF No. 10, attach. 1 at 2–3. Because Defendant has failed to appear or contest the validity of these assessments, the Court finds that the United States has adequately established its entitlement to reduce these assessments to judgment. The Court further finds that the United States is entitled to statutory interest accruing from the dates of assessment until the liabilities are paid in

full, pursuant to 26 U.S.C. § 6601. *See United States v. Sarubin*, 507 F.3d 811, 816 (4th Cir. 2007) ("[T]he amount of interest accrued on such tax liability is a matter of law.").

## IV.  <u>RECOMMENDATION</u>

For the reasons stated herein, the undersigned **RECOMMENDS** that the Instant Motion, ECF No. 9, be **GRANTED** and that default judgment be **ENTERED** against Defendant as to Count I for unpaid federal income taxes for the tax years 2013–2015 and 2018–2022 in the amount of $469,206.91, plus statutory interest accruing from April 6, 2026, until paid.  The undersigned further **RECOMMENDS** that default judgment be **ENTERED** against Defendant as to Count II for unpaid federal employment taxes for the tax years 2014–2021 in the amount of $94,338.36, plus statutory interest accruing from March 30, 2026, until paid.

## V.  <u>REVIEW PROCEDURE</u>

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen (14) days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C.  § 636(b)(1); Fed.  R. Civ.  P.  72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
May 22, 2026